UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLAUDE CASTRO & ASSOCIATES PLLC
*Attorneys for Defendants*
Claude Castro, Esq. (CC 2101)
D. Paul Martin, Esq. (DPM 5328)
444 Madison Avenue, Suite 500
New York, New York 10022
(212) 810-2710

| | |
|---|---|
| CLAUDINO SEVERINO,<br><br>        Plaintiff,<br><br>    -against-<br><br>436 WEST LLC, SOLAR REALTY MANAGEMENT CORP., MEHMET CAPIN, SARUHAN CAPIN, BATUHAN CAPIN and JOHN DOES #1-10,<br><br>        Defendants. | Docket No. 13-CV-3096<br>(VSB) (MHD) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Defendants 436 West LLC ("436 LLC"), Solar Realty Management Corp. ("Solar Realty"), Mehmet Capin, Saruhan Capin and Batuhan Capin (collectively referred to as the "Defendants" hereinafter), by their undersigned counsel, respectfully submit this memorandum of law in opposition to Plaintiff Claudino Severino's ("Severino") motion for partial summary judgment.

For a full recitation of the relevant factual background, the Court is respectfully referred to the accompanying Declarations of Saruhan Capin and Jairo Gomez and the documentary evidence annexed thereto.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT MUST BE DENIED IN ITS ENTIRETY**

It is well established that "a party is entitled to summary judgment when there is no 'genuine issues of material fact' and the undisputed facts warrant judgment for the moving party as a matter of law". See Fed. R. Civ. P. 56(c); see also GPIF-I Equity Co. v. HDG Mansur Iv. Servs., Inc., No. 13 Civ. 547 (CM) (S.D.N.Y. Apr. 21, 2014) and Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986).

Further, "in addressing a motion for summary judgment, the court 'must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor'". See GPIF-I Equity Co., supra; see also, L.B. Foster Co. v. Am. Piles, Inc., 138 F.3d 81, 87 (2d Cir. 1998).

Significantly, "the moving party has the initial burden of demonstrating the absence of a disputed issue of material fact". See GPIF-I Equities Co., supra; see also, Celotex v. Catrett, 477 U.S. 317, 323 (1986).

### A. Plaintiff Is Not Entitled To Summary Judgment On The Minimum Wage Compensation Claim

Plaintiff seeks summary judgment on this claim that based on his $250.00 per week salary for forty (40) hours per week is hourly wage would be $6.25 and thus less than the statutorily required wage of $7.25 per hour. Thus, Plaintiff alleges that he was underpaid by $1.00 per hour.

However, in making this claim, the Plaintiff overlooks the fact that he was provided with the use of a 2 bedroom apartment with all utilities paid by the landlord rent free. Plaintiff argues to this Court that the Plaintiff's use of that apartment, together with the landlord's provision of free utilities services cannot be counted towards his salary. It is respectfully submitted that the Plaintiff is wrong and, at the very least, an issue of fact exists as to the value of this Plaintiff's use of the apartment at issue.

Contrary to the plaintiff's allegation, the Plaintiff was not provided with the use of that apartment for the Defendants' benefit. The law does not require a landlord to have a superintendent reside in a particular building. The law does require a landlord reside within 200 feet or within a block of the subject premises.

As is confirmed in the accompanying declaration of Saruhan Capin, the Defendants do not normally hire a full time superintendent for a building of this size (25 apartments) and does not usually provide a rent-free apartment for a superintendent for such a building. Indeed, the Defendants could have easily made arrangements for a

superintendent in any of the several buildings that are within 200 feet or a single block radius to act as superintendent for the premises.

As the record demonstrates, the Plaintiff resided the the apartment when he worked for the prior owner of the subject premises as well as the original owner of the property known as 131 Nagle Avenue, New York, New York.  While a full time superintendent may have been required for two (2) buildings, a full time superintendent was not required for one (1) building.

It was at the request of the Plaintiff that the Defendants agreed to allow the Plaintiff to continue to occupy the subject apartment rent free with all utilities paid by the owner of the premises.  Accordingly, since the Defendants did not require the Plaintiff to reside at the premises as a condition of his employment, but rather at Plaintiff's request, it is respectfully submitted that this Court must consider the value of that apartment as well as the costs of that apartment when computing the Plaintiff's compensation.  *See* Jiao v. Chen, 207 U.S. Dist. LEXIS 96480; 207 WL 4944767 (S.D.N.Y. March 30, 2007).

Here, the declaration of Saruhan Capin, a licensed real estate broker, confirms that the value of the apartment is not less than $1,200 per month.  Furthermore, just the cost of providing the Plaintiff with utility services at the subject premises is at minimum $200 per month.

The documentary evidence of the costs incurred by the Defendants just for the utility services is confirmed by the utility bills attached to Mr. Capin's declaration as Exhibit "D".  Indeed, in Moon v. Kwon, 248 F. Supp. 2d 2001 (S.D.N.Y. 2002), the Court held that even without any evidence as to value of the "lodging" at issue, the Court

4

estimated the reasonable cost of providing lodging to plaintiff in that case as $50.00 per week.

Although we respectfully submit that the value of the apartment utilized by the plaintiff is at least $1,200 per month, even at the rate of $50.00 per week, the plaintiff's salary would be equal to or greater than the $7.25 per hour minimum wage. Accordingly, the Plaintiff's motion for partial summary judgment on its minimum wage claim must be denied.

**B.    Plaintiff Is Not Entitled To Summary Judgment On The Overtime Compensation Claim For The Period Prior To 2012**

In support of this claim, the Plaintiff merely alleges that he "routinely worked in excess of 40 hours in a work week". *See* Plaintiff's memorandum of law at pg. 13. The Plaintiff submits no documentation of any kind in support of that claim and cannot provide any information to this Court with regard to any alleged overtime work that he performed prior to 2012.

The Plaintiff's claim is sharply disputed by the declarations of Saruhan Capin and Jairo Gomez, both of whom has personal knowledge of the facts. Mr. Gomez confirmed in his declaration that prior to his appointment as property manager, he worked in Solar Realty's accounts payable department and, as such, was fully familiar with Plaintiff's salary during his entire employment with the Defendants.

Mr. Capin and Mr. Gomez both vehemently contradict the Plaintiff's unsupported allegation and have confirmed to this Court that the Plaintiff did not perform any overtime work.

Since the Plaintiff's allegations have been clearly contradicted by the Defendants, it is respectfully submitted that there is a substantial issue of fact with regard to the Plaintiff's overtime claim which cannot be determined by summary judgment. Thus, Plaintiff's application for partial summary judgment on this claim must be denied.

### C. Plaintiff Is Not Entitled To Summary Judgment On The Wage Theft Prevention Claim

The Plaintiff admits in his moving papers that he received regular pay stubs confirming the name, address and telephone number of his employer along with his weekly salary. At least since late 2011, the Plaintiff confirmed his salary weekly by executing the "Biweekly Time Sheets" provided to him by Solar Realty and provided to Solar Realty by Paychex. On that form, which was signed by the Plaintiff on a weekly basis, the Plaintiff acknowledged his salary and the basis for that salary, i.e. $250.00 per week.

It is respectfully submitted that such documentation is sufficient to the meet the requirements of the New York Labor Law which requires that the employer provide each employee with a statement setting forth the dates of work covered, name of the employee, name of employer, address of employer and rate of pay. This was done regularly during the Plaintiff's employment, including when he submitted his time sheets and picked up his pay stubs. Accordingly, the Plaintiff's claim for partial summary judgment on this claim should be denied in all respects.

## CONCLUSION

Based on all of the foregoing, it is respectfully submitted that the Plaintiff's motion for partial summary judgment for must be denied in all respects.

Dated: New York, New York
July 21, 2014

                                      CLAUDE CASTRO & ASSOCIATES PLLC
                                      *Attorneys for Defendants*

                                    By: _____*Claude Castro*_____
                                               Claude Castro, Esq.